Guam Bar

OF GUAM
2013 JAN .3 PM 4: 25

# IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM

vs.

DAVID Q. MANILA,

Defendant.

) Case No. CF0020-08
)
)
)
)
) DECISION AND ORDER: Defendant's
) Second Motion to Modify Bail Conditions
)
)
)
)
)
)
)

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on December 19, 2012, for a hearing on David Q. Manila's ("Defendant") Second Motion to Modify Bail Conditions. Defendant was represented by Attorney William B. Pole. Assistant Attorney General Nelson J. Werner represented the People of Guam ("the People"). Upon review of the oral and written arguments and legal authorities presented by the parties, the Court hereby issues this Decision and Order DENYING Defendant's Second Motion to Modify Bail Conditions.

## BACKGROUND

On November 16, 2012, Defendant was indicted by a Superior Court of Guam Grand Jury on the following charges: (1) Conspiracy to Compel Prostitution (as a 3rd Degree Felony) (2) Conspiracy to Promote Prostitution (as a 3rd Degree Felony) (3) Conspiracy to Commit Kidnapping (as a 2nd Degree Felony) (4) Conspiracy to Commit Felonious Restraint (as a 3rd Degree Felony) (5) Solicitation to Compel Prostitution (as a 3rd Degree Felony) (6) Solicitation to Promote Prostitution (as a 3rd Degree Felony) (7) Solicitation to Commit Kidnapping (as a 2nd Degree Felony) (8) Solicitation to Commit Felonious Restraint (as a 3rd Degree Felony) (9)

Nine counts of Compelling Prostitution (as a 3rd Degree Felony) (10) Sixteen counts of Promoting Prostitution (as a 3rd Degree Felony) (11) Attempt to Promote Prostitution (as a 3rd Degree Felony) (12) Two counts of First Degree Criminal Sexual Conduct (as a 1st Degree Felony) (13) Two counts of Second Degree Criminal Sexual Conduct (as a 1st Degree Felony) (14) Criminal Intimidation (as a Misdemeanor) (15) Official Misconduct (as a Misdemeanor) and (16) Abetting Prostitution (as a Misdemeanor). Superseding Indictment (Nov. 16, 2012).

A Second Superseding Indictment was handed down on Friday, November 23, 2012 charging Defendant with the following: (1) Conspiracy to Commit Kidnapping (as a 2nd Degree Felony) (2) Nine counts of Kidnapping (as a 2nd Degree Felony) (3) Conspiracy to Commit Felonious Restraint (as a 3rd Degree Felony) (4) Nine counts of Felonious Restraint (as a 3rd Degree Felony) (5) Conspiracy to Compel Prostitution (as a 3rd Degree Felony) (6) Nine counts of Compelling Prostitution (as a 3rd Degree Felony) (7) Conspiracy to Promote Prostitution (as a 3rd Degree Felony) (8) Eleven counts of Promoting Prostitution (as a 3rd Degree Felony) (9) Solicitation to Commit Kidnapping (as a 2nd Degree Felony) (10) Solicitation to Commit Felonious Restraint (as a 3rd Degree Felony) (11) Solicitation to Compel Prostitution (as a 3rd Degree Felony) (12) Solicitation to Promote Prostitution (as a 3rd Degree Felony) (13) Attempt to Compel Prostitution (as a 3rd Degree Felony) (14) Attempt to Promote Prostitution (as a 3rd Degree Felony) (15) Two counts First Degree Criminal Sexual Conduct (As a 1st Degree Felony) (16) Two counts of Second Degree Criminal Sexual Conduct (As a 1st Degree Felony) (17) Criminal Intimidation (as a Misdemeanor) (18) Official Misconduct (as a Misdemeanor) and (19) Abetting Prostitution (as a Misdemeanor). Second Superseding Indictment (Nov. 23, 2012).

Defendant remains in the custody of the Guam Detention Facility pending the posting of *cash* bail set in the amount of $250,000.00. Commitment Order (Nov. 19, 2012). Defendant filed a Motion to Modify Bail Conditions on November 19, 2012. Def's. Mot. to Modify Bail

Conditions; Memo of Points & Authorities (Nov. 19, 2012). On November 21, 2012, the People filed their opposition to the motion for release or reduction in bail. The Court heard oral arguments on Defendant's motion on November 21, 2012, and issued its Decision and Order on November 23, 2012, denying Defendant's motion.

Defendant now moves the Court to modify bail conditions. Def. Manila's Second Motion to Modify Bail Conditions (Dec. 3, 2012). The People filed an opposition to Defendant David Q. Manila's Second Motion to Modify Bail Conditions on December 14, 2012. On December 17, 2012, Defendant filed supplementary evidence and response in support of his release. The Court heard the matter on December 19, 2012, and now issues this Decision and Order.

## DISCUSSION

Defendant moves the Court for his release on "his personal recognizance or that he be released with the additional security of third party custodians and in the alternative that he be allowed to use his house as additional security." Id.

The People oppose Defendant's motion and argue the following: (1) the amount of Defendant's bail is justified, (2) Defendant's other arguments for release are not factors for this Court's consideration, and (3) an inability to follow a Court's ordered conditions is grounds to deny the Defendant's release.

In response, Defendant in his supplemental filings argues that the Federal Government did not require Co-Defendant Song Ja Cha to provide cash for her pre-trial release and both the Office of the Attorney General and this Court agreed that an unsecured bond was appropriate for her. Additionally, Defendant contends that "[t]he least onerous conditions are to be imposed, but yet a bail that Mr. Manila cannot afford has been required." Def's Supplementary Evidence & Support of David Manila's Release (Dec. 17, 2012).

The People opposed Defendant's earlier motion filed on November 19, 2012, arguing that pre-trial confinement is necessary to protect the victims. People's Opposition to the Motions for Release or Reduction in Bail by Defendants David Q. Manila & Mario L. Laxamana (Nov. 21, 2012). The People contend that "Defendants in this case are alleged to

have used their positions as Guam police officers to intimidate and threaten the victims ensuring their compliance with [co-Defendant] Cha and their own demands. Defendant Manila is accused of raping two of the victims at the Blue House. The forced prostitution, kidnapping and the felonious restraint was all accomplished through Defendants' threats." *Id.*

Guam law provides that release on bail is generally permitted:

> At his first appearance before a judge of the Superior Court, every person charged with offense shall be ordered released pending trial in the manner and subject to the conditions provided by §§ 40.15 and 40.20.

8 GCA § 40.10 (2005).

> The judge shall order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required *or will endanger the safety of any other person* or the community.

8 GCA § 40.15 (b) (2005) (emphasis added).

The Court does not find any changed circumstances in its review of the Second Motion for Bail Modification or additional facts to alter its earlier ruling on this matter. Moreover, the Court will not second guess why the Federal Government did not require a cash bail for Co-Defendant Cha. The Court still recognizes that "[d]eterminations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized interests, to wit, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11. Accordingly, the Court is still concerned with the safety of others component to the two-part test enunciated in *Song*. The nature of the offense charged and apparent possibility of conviction and likely sentence is a factor this Court already considered. The instant case alleges First and Second Degree Criminal Sexual Conduct, Criminal Intimidation, and several conspiracy and solicitation charges, inter alia, against Defendant.

Defendant notes that he is willing to give up his house "even though it is not worth a quarter of a million dollars" to satisfy the set bail. Transcript JDAASCRA (12/19/2012) at 10:41:50. The Court agrees with the People that in light of the circumstances and the charges in the indictment, the amount of Defendant's bail is justified for the same reasons spelled out in its earlier ruling. "The test for excessiveness of bail is not whether a defendant is financially able to satisfy the requirement but whether bail is set at an amount higher than reasonably calculated to assure the presence of the accused." *People v. Bruneman*, 1996 Guam 3 ¶ 9. The Court is extremely concerned of the safety of others involved and rests its decision on that consideration. The People most recently alleged in their opposition that an investigation is ongoing into an incident involving Defendant Manila where a cellular phone was provided to him, against Department of Corrections protocols for pretrial incarcerated defendants. For these reasons, the Court DENIES Defendant Manila's Second Motion to Modify Bail Conditions.

Bail remains set at $250,000.00 cash.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court DENIES Defendant David Q. Manila's Second Motion to Modify Bail Conditions.

**SO ORDERED** this ___3___ day of ___Jan.___, 2013.

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the Clerk of the Superior Court of Guam

JAN 0 3 2013

N. Angoco
Deputy Clerk, Superior Court of Guam